UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-01731-CMA-MJW

AMANDA SULLIVAN, individually, and as Personal Representative of the Estate of Kiera Sullivan, a minor, deceased, and

CHRISTOPHER SULLIVAN, individually, and as Personal Representative of the Estate of Kiera Sullivan, a minor, deceased,

    Plaintiffs,

v.

DELTA ENTERPRISE CORP.,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER
(Docket #13-1)

During the course of discovery, the parties may exchange information, to include documents and testimony containing information, which is proprietary as sensitive business, commercial or other technical information, the uncontrolled release of which would cause the producing party competitive harm. In order to facilitate this discovery while protecting the producing party's proprietary interests, it is hereby ORDERED:

### I.

A.     The parties recognize that discovery in this matter may call for the production of materials containing confidential and proprietary business, technical and other commercially sensitive information, and/or personal information about third-parties, and that the producing

1

party has a protected proprietary and property interest in those materials, or otherwise has an interest in preventing the dissemination of information about third-parties.

B.  If the producing party has a good faith factual and legal basis for asserting a privilege or exemption from public disclosure, the producing party may designate as "CONFIDENTIAL" the portion of any produced material it considers subject to its claim of privilege or exemption in accordance with Section I.F, below, relying on the terms of this Protective Order ("Protective Order") in producing that information. Such "CONFIDENTIAL" designation shall make the designated portions of those produced materials and all copies, prints, summaries, translations, or other reproductions of such material subject to this Protective Order. This Protective Order also shall apply to the specific pages and lines from oral depositions as well as any discovery responses, designated as "CONFIDENTIAL" by the producing party in accordance with Section I.G, below.

C.  When used in this Agreed Protective Order, the word "CONFIDENTIAL" means designated research, development, and other technical or other commercially sensitive information of the producing party and/or personal information about third-parties.

D.  When used in this Protective Order, the term "CONFIDENTIAL MATERIAL" means all designated written materials, computer documents, specifications, design drawings, mold drawings, tire standards, claims histories, adjustment data, testing documentation, videotapes, responses to Interrogatories, Requests for Production, Requests For Admission, or other written discovery referencing confidential material, deposition transcripts, and all other designated tangible items which disclose "CONFIDENTIAL" information, whether produced in hard-copy, on CD-ROMs or DVDs, or any other media. Nothing in this Protective Order,

2

however, shall be interpreted to require the production of any trade secret information as defined in C.R.S. § 7-74-102(4) or otherwise.

E.  The burden of proving the confidential nature of designated information is on the producing party. Prior to designating any material as "CONFIDENTIAL" and subject to this Protective Order, the producing party must make a bona fide determination that the material is, in fact, confidential as defined above, the dissemination of which would significantly damage the producing party's competitive position or impact the privacy rights of third-parties.

F.  In order to designate a portion of any document or other printed material as "CONFIDENTIAL," the producing party shall mark the designated pages of the material with the word "CONFIDENTIAL" in a manner that does not obscure, or impair the legibility of any information contained within the material, but makes it difficult to remove the designation. In order to designate a computer database, disc, compact disc, drive, or other electronically recorded material as "CONFIDENTIAL," the producing party shall mark the disc, case or envelope containing the material with the word "CONFIDENTIAL." Documents printed from such electronic media shall be marked the same as documents originally produced on paper.

G.  In the case of a deposition or oral examination, counsel for the producing party may, during the deposition, designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," and the entire deposition transcript will be treated as "CONFIDENTIAL" until counsel for the producing party receives a transcript of the deposition and designates specific page and line portions of the testimony. In the event the producing party's counsel during the deposition does not designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," the producing party does not waive its right to designate the deposition testimony or any parts thereof as

"CONFIDENTIAL" upon receipt of the deposition transcript. After receipt of the final deposition transcript, the producing party shall identify by page and line the portion of the material that the producing party intends to designate as "CONFIDENTIAL" in a written letter served to all counsel of record within 30 days after the producing party's receipt of the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by the producing party during this time period shall remain "CONFIDENTIAL." Any party challenging the "CONFIDENTIAL" designations of the deposition transcripts shall inform the producing party of those specific challenges in writing within 20 day of receiving the designations. The producing party shall have 20 days from receipt of the written challenges to move for an appropriate order regarding the confidentiality of all or portions of the transcript. The parties stipulate that the court reporter or videographer for any such depositions, who will be given a copy of this Protective Order, and will execute an acknowledgement thereof, shall not disclose to anyone (other than the COVERED PERSONS as defined in Section I.H below) any deposition testimony or exhibits in this lawsuit.

H. When used in this Protective Order, the term "COVERED PERSONS" includes only the following: (1) the Court and all Court personnel; (2) the named parties in this litigation; (3) retained counsel for all parties in this litigation, including members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; (4) non-attorney experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of a party; and (5) witnesses and the jury in this case.

## II.

This Protective Order is to facilitate the exchange of records and information in discovery. It governs disclosures to third persons or disclosure of records for discovery motions and discovery proceedings. Nothing in this Protective Order shall be deemed to preclude any party's right to oppose discovery on grounds not addressed under the terms of this Protective Order, or to object on any ground to the admission of any CONFIDENTIAL MATERIAL into evidence at trial.

## III.

Absent a further order of the Court, those documents marked as "CONFIDENTIAL MATERIAL," as described in Sections I.F and I.G, shall not be used for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS as defined in Section I.H without the prior written agreement of the producing party or by order of the Court after due notice to the producing party.

## IV.

Before showing or divulging any "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" information to any COVERED PERSON other than the Court and Court personnel, counsel shall first obtain from each such person a signed "WRITTEN ASSURANCE" in the form attached hereto as Exhibit "A." Counsel shall maintain a list of all such recipients of "CONFIDENTIAL MATERIAL" to whom this paragraph applies and the original of every "WRITTEN ASSURANCE" required pursuant to this paragraph. At the conclusion of the litigation, the parties shall forward to counsel for the producing party each and every signed "WRITTEN ASSURANCE" and a list of all recipients of "CONFIDENTIAL MATERIALS";

5

however, with regard to consultant(s) not identified as expert(s) in this matter, counsel need only provide a copy of the "WRITTEN ASSURANCE" redacted to remove any reference to the identity of the consultant(s).

V.

A.  If any "CONFIDENTIAL MATERIAL" is filed with this Court, including any pleading incorporating "CONFIDENTIAL MATERIAL," the portion of such filing containing "CONFIDENTIAL MATERIAL" shall be filed in a sealed envelope on which the following legend shall prominently appear:

> <u>Amanda Sullivan, individually, and as the Personal Representative of the Estate of Kiera Sullivan and Christopher Sullivan, individually, and as the Personal Representative of the Estate of Kiera Sullivan</u>
> U.S. District Court for the District of Colorado
> Civil Action No. 11-CV-01731-CMA-MJW
>
> **<u>CONFIDENTIAL - This envelope contains documents or other material filed by the parties in this matter. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.</u>**

B.  "CONFIDENTIAL MATERIAL" may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for the producing party is present, and subject to the producing party's right to seek in-camera treatment of such documents. Further, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of the documents or information.

C.  All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose "CONFIDENTIAL MATERIAL" shall be under seal in accordance with Section V.A, and such documents shall not be publicly available, except by further order of this Court.

D.  If any party or person who has obtained "CONFIDENTIAL MATERIAL" under the terms of this Protective Order receives a subpoena or other legal process commanding the

6

production of any such "CONFIDENTIAL MATERIAL" (the "Subpoena"), such party or person shall promptly notify counsel for the producing party of the service of the Subpoena. The party or person receiving the Subpoena shall not produce any "CONFIDENTIAL MATERIAL" in response to the Subpoena without either the prior written consent of counsel for the producing party, or an order of a court of competent jurisdiction.

## VI.

Certain parties anticipate producing large volumes of materials in discovery in this matter, including collections of materials in the form of paper or electronic documents, increasing the likelihood that information protected from discovery by certain privileges or immunities, or "CONFIDENTIAL MATERIAL" not marked as such, may be produced inadvertently. Therefore, the following provisions shall apply to the production of information in this case:

A. Inadvertent production of documents subject to the work-product doctrine, the attorney-client privilege, the trade secret and proprietary business information privilege, or other legal privilege, rule or doctrine protecting information from discovery shall not constitute a waiver of the immunity or privilege either for the inadvertently produced document or its subject matter (so-called "subject matter waiver"), provided that the producing party shall notify the receiving party in writing of such inadvertent production promptly upon becoming aware of it.

B. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, and such returned material shall be deleted from any litigation-support file or database. No use shall be made of such inadvertently produced documents during discovery or at trial nor shall they be disclosed to anyone who was not given access to them before the request to return and destroy them.

7

C. If any party contends that the notification of inadvertent production was not "reasonably prompt," it shall notify the producing party in writing, and will make no further use of such documents pending a resolution of their status by the Court. It shall be the burden of the producing party to move for a protective order regarding the inadvertent production, and to demonstrate both that the production was inadvertent, that reasonable diligence was exercised to identify the inadvertently produced information, and that notification was made with reasonable promptness after discovering the inadvertent production.

D. The party returning or destroying such documents may move the Court for an order compelling production of the material, but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

E. Inadvertent failure to designate produced materials as CONFIDENTIAL pursuant to the terms of Section I above shall not constitute a waiver of the right to designate such materials CONFIDENTIAL provided that the producing party shall notify the receiving party of such inadvertent failure to designate promptly upon becoming aware of it.

F. If reasonable notification is made of such failure to designate, such inadvertently non-designated documents and all copies thereof, shall be returned to the producing party or destroyed and such material shall be deleted from any litigation-support file or database. No use shall be made of such non-designated documents during discovery or at trial without the appropriate "CONFIDENTIAL" markings, nor shall they be disclosed to anyone who was not given access to them before the request to return or destroy.

G. Any inadvertently produced document or documents provided to the Court pursuant to this Section VI shall not be considered a "court record" as defined in Colorado Chief Justice Directive 05-01 § 3.10(a) and (b).

## VII.

A. Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for the producing party all CONFIDENTIAL MATERIAL including any copies (except those determined by the Court or agreed by the parties not to be CONFIDENTIAL) which have been disseminated to any COVERED PERSONS. Deposition transcripts need not be returned if all CONFIDENTIAL portions have been destroyed or obliterated.

B. It is the responsibility of any party receiving "Confidential Material" to obtain all copies of that material provided by that party to "Covered Persons," as defined in Paragraph I.H above, and to return that "Confidential Material" to the producing party.

## VIII.

In the event counsel for any party, in good faith, disputes the designation of any document as "CONFIDENTIAL," he or she shall notify counsel for the producing party in writing. The producing party shall seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Protective Order. Until a final determination by the Court, any disputed document will be treated as CONFIDENTIAL MATERIAL pursuant to this Protective Order. Nothing in this Protective Order shall be construed to alter or shift the burdens of production and persuasion ("the burden of proof") as they apply to the assertion of privileges or exemptions from public disclosure or any claim or affirmative defense in this matter.

## IX.

A. This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

Nothing contained in this Protective Order shall in any manner change, alter or modify any of the rights of the producing party or any other party under any other orders issued by any other courts concerning the protection of CONFIDENTIAL MATERIALS and CONFIDENTIAL information. Nothing in this Protective Order shall limit the rights of parties to apply for further protective orders or for modification of the terms of this Protective Order. *Any Confidential Information Filed with The Court shall comply with DC Colo LCivR 7.2* 

B. This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties, or by Order of the issuing Court. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

C. This Protective Order shall be binding upon the parties hereto, their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

## X.

At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Protective Order.

_____

December 19, 2011
Date

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**AGREED:**

| HALL & EVANS, L.L.C. | BACHUS & SCHANKER, L.L.C. |
|---|---|
| Cristin J. Mack *(signature)* | - approval to add signature given 12/14/11 via e-mail |
| s/ Cristin J. Mack | s/ Geoffrey D. Petis |
| Kevin E. O'Brien, Esq. | J. Kyle Bachus, Esq. |
| Cristin J. Mack, Esq. | Geoffrey D. Petis, Esq. |
| 1125 – 17th Street, #600 | 1400 – 16th Street, Suite 450 |
| Denver, Colorado  80202-2052 | Denver, CO  80202 |
| T: 303-628-3300 | T: 303-893-9800 |
| F: 303-293-3231 | F: 303-893-9900 |
| obrienk@hallevans.com | kbachus@coloradolaw.net |
| mackc@hallevans.com | gpetis@coloradylaw.net |
| *Counsel for Defendant* | *Counsel for Plaintiffs* |

## EXHIBIT "A"

## LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR ACCESS TO CONFIDENTIAL MATERIAL

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order dated _____ and agreed to by the parties ("Protective Order") in the action titled Sullivan v. Delta Enterprise Corp., United States District Court for the District of Colorado; Case No. 2011-CV-01731-CMA-MJW. I understand the terms of the Protective Order and under oath consent to be bound by such terms as a condition to being provided access to the CONFIDENTIAL MATERIALS furnished by the parties in this action. Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by the producing parties in this action and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that the producing parties may pursue all civil remedies available to them as third-party beneficiaries of this Agreement.

DATED: _____

_____
Name

_____
Firm

_____
Address

_____
Telephone Number

12

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ day of _____, 2011.

_____

Notary Public, State of _____

_____

My Commission Expires: