IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01731-CMA-MJW

AMANDA SULLIVAN, individually, and as Personal Representative of the Estate of
Kiera Sullivan, a minor, deceased,

Plaintiff(s),

v.

DELTA ENTERPRISE, CORP.,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFFS AMANDA SULLIVAN & CHRISTOPHER SULLIVAN'S MOTION TO
WITHDRAW ADMISSIONS UNDER FED. R. CIV. P. 36(B)
[DOCKET NO. 40]**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Amanda Sullivan & Christopher

Sullivan's Motion to Withdraw Admissions Under Fed. R. Civ. P. 36(b) [docket no. 40].

The court has reviewed the subject motion and the response [docket no. 45].  In

addition, the court has taken judicial notice of the court's file and has considered

applicable Federal Rule of Civil Procedure and case law.  The court now being fully

informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

> 1.    That I have jurisdiction over the subject matter and over the parties
>
>        to this lawsuit;

2

2.     That venue is proper in the state and District of Colorado;

3.     That each party has been given a fair and adequate opportunity to
       be heard;

4.     That this court has discretion to grant relief from an admission only
       when: (1) presentation of the merits of the action will be aided; and
       (2) the party who obtained the admission will not be prejudiced.
       See Conlon v. United States, 474 F.3d 616, 621-624 (9th Cir. 2007).
       Both of these requirements must be satisfied before an admission
       may be withdrawn.  See Hadley v. United States, 45 F.3d 1345,
       1348 (9th Cir. 1995);

5.     That the subject motion [docket no. 40] does not seek to withdraw
       all of the requests for admissions which Plaintiffs have answered,
       but instead the subject motion requests that only two admissions be
       withdrawn.  See subject motion at page 5;

6.     That in this case, there are two contested requests for admissions
       that were DENIED by Plaintiffs Christopher and Amanda Sullivan.
       They are: "Admit that you saw or heard media accounts of crib
       recalls in 2008" and "Admit that Christopher Sullivan had no
       parental rights with regard to Kierra Sullivan."  Defendant's First Set
       of Written Discovery to Plaintiffs at page 7 ¶¶ 7 and 8;

7.     That as to the DENIAL of the request for admission **"Admit that
       you saw or heard media accounts of crib recalls in 2008,"** I

3

find Plaintiff Amanda Sullivan's DENIAL of this request for

admission is evidence that would support the affirmative defense of

comparative negligence, but, even if, Plaintiff Amanda Sullivan saw

or heard media accounts of the crib recall in 2008, this admission

alone would not conclusively establish any particular degree of

comparative negligence.  Instead, the jury would still have to

consider all of the evidence presented during the trial on the merits

and assess a degree of fault among the parties [i.e., Plaintiff

Amanda Sullivan and Defendant Delta Enterprise, Corporation] that

would equal 100 percent fault.  Accordingly, I find that Plaintiff

Amanda Sullivan has failed to satisfy the first requirement for

withdrawing this admission under Conlon.  Furthermore, Plaintiff

Amanda Sullivan has not established "good cause" for her delay in

responding to Defendant's request for admissions, and her

argument that Defendant gave her an "open-ended" extension of

time to respond to such discovery is without merit based upon the

attached exhibits to the response [docket no. 45].  Accordingly, the

subject motion as to this request for admission should be DENIED;

and,

8.    That as to the DENIAL of the request for admission **"Admit that
      Christopher Sullivan had no parental rights with regard to
      Kierra Sullivan",** I find that Plaintiff Christopher Sullivan has been

4

dismissed in this lawsuit by stipulation of the parties.  See docket

no. 38, Order granting Stipulation of Dismissal of Plaintiff

Christopher Sullivan and Order to Amend Caption dated May 30,

2012.  Accordingly, I find that since Plaintiff Christopher Sullivan

has been dismissed from this lawsuit, this DENIAL of this request

for admission is now irrelevant, and therefore the subject motion as

to this request for admission should be DENIED.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1.   That Plaintiffs' Amanda Sullivan & Christopher Sullivan's Motion to

Withdraw Admissions Under Fed. R. Civ. P. 36(b) [docket no. 40]

is **DENIED**; and

2.   That each party shall pay their own attorney fees and costs for this

motion.

Done this 5TH day of July 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE