IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01731-CMA-MJW

AMANDA SULLIVAN, individually, and as Personal Representative of the Estate of Kiera Sullivan, a minor, deceased,

Plaintiff(s),

v.

DELTA ENTERPRISE, CORP.,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFFS AMANDA SULLIVAN & CHRISTOPHER SULLIVAN'S MOTION TO
WITHDRAW ADMISSIONS UNDER FED. R. CIV. P. 36(B)
[DOCKET NO. 40]**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Amanda Sullivan & Christopher Sullivan's Motion to Withdraw Admissions Under Fed. R. Civ. P. 36(b) [docket no. 40]. The court has reviewed the subject motion and the response [docket no. 45].  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rule of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this court has discretion to grant relief from an admission only when: (1) presentation of the merits of the action will be aided; and (2) the party who obtained the admission will not be prejudiced. See Conlon v. United States, 474 F.3d 616, 621-624 (9th Cir. 2007). Both of these requirements must be satisfied before an admission may be withdrawn. See Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995);

5. That the subject motion [docket no. 40] does not seek to withdraw all of the requests for admissions which Plaintiffs have answered, but instead the subject motion requests that only two admissions be withdrawn. See subject motion at page 5;

6. That in this case, there are two contested requests for admissions that were DENIED by Plaintiffs Christopher and Amanda Sullivan. They are: "Admit that you saw or heard media accounts of crib recalls in 2008" and "Admit that Christopher Sullivan had no parental rights with regard to Kierra Sullivan." Defendant's First Set of Written Discovery to Plaintiffs at page 7 ¶¶ 7 and 8;

7. That as to the DENIAL of the request for admission **"Admit that you saw or heard media accounts of crib recalls in 2008,"** I

3

find Plaintiff Amanda Sullivan's DENIAL of this request for admission is evidence that would support the affirmative defense of comparative negligence, but, even if, Plaintiff Amanda Sullivan saw or heard media accounts of the crib recall in 2008, this admission alone would not conclusively establish any particular degree of comparative negligence.  Instead, the jury would still have to consider all of the evidence presented during the trial on the merits and assess a degree of fault among the parties [i.e., Plaintiff Amanda Sullivan and Defendant Delta Enterprise, Corporation] that would equal 100 percent fault.  Accordingly, I find that Plaintiff Amanda Sullivan has failed to satisfy the first requirement for withdrawing this admission under Conlon.  Furthermore, Plaintiff Amanda Sullivan has not established "good cause" for her delay in responding to Defendant's request for admissions, and her argument that Defendant gave her an "open-ended" extension of time to respond to such discovery is without merit based upon the attached exhibits to the response [docket no. 45].  Accordingly, the subject motion as to this request for admission should be DENIED; and,

8. That as to the DENIAL of the request for admission **"Admit that Christopher Sullivan had no parental rights with regard to Kierra Sullivan",** I find that Plaintiff Christopher Sullivan has been

4

dismissed in this lawsuit by stipulation of the parties. See docket no. 38, Order granting Stipulation of Dismissal of Plaintiff Christopher Sullivan and Order to Amend Caption dated May 30, 2012. Accordingly, I find that since Plaintiff Christopher Sullivan has been dismissed from this lawsuit, this DENIAL of this request for admission is now irrelevant, and therefore the subject motion as to this request for admission should be DENIED.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Amanda Sullivan & Christopher Sullivan's Motion to Withdraw Admissions Under Fed. R. Civ. P. 36(b) [docket no. 40] is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 5TH day of July 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE